**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MAX C. EASTIN**  **PETITIONER**
ADC #134018

VS.  NO. 5:11CV00121-JLH-BD

**RAY HOBBS, Director,**
Arkansas Department of Correction  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**  **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

**II.     Introduction**:

Petitioner Max Eastin, an inmate in the Arkansas Department of Correction, brings his amended petition for writ of habeas corpus (docket entry #4) under 28 U.S.C. § 2254, challenging his state sentence. Ray Hobbs has filed a response and an amended response (#8, 9) to the petition. Mr. Eastin has replied to the response. (#15) For reasons that follow, the petition should be DISMISSED with prejudice.

**III.    Background**:

In 2005, Mr. Eastin was convicted of manufacturing methamphetamine, using paraphernalia to manufacture methamphetamine, possessing a controlled substance, and simultaneously possessing drugs and a firearm. He was sentenced to a total of 480 months in prison. *Eastin v. State*, 2010 Ark. 275, 2010 WL 2210924 at *1 (2010). Mr. Eastin appealed his conviction to the Arkansas Court of Appeals. *Eastin v. State*, 97 Ark. App. 81 (2006). That court reversed and remanded, concluding the trial court erred in denying Mr. Eastin's motion to suppress evidence because the search warrant was based on information from a confidential informant whose reliability was not established. *Id*. at 90. The court also concluded that the trial court erred in admitting a transcript of a statement Mr. Eastin gave to police after the search, because the original tape no longer existed. *Id*. at 91.

The State filed a petition for review, which the Arkansas Supreme Court granted. The court affirmed the circuit court and reversed the court of appeals. *Eastin v. State*, 370

Ark. 10, 257 S.W.3d 58 (2007). The court held that Mr. Eastin had not preserved for appeal his arguments regarding sufficiency of the evidence and his motion to suppress. *Id*. The court also held that Mr. Eastin had failed to show how knowing the confidential informant's identity was necessary to his defense.

The court noted that the circuit court might have erred in admitting the transcript of Mr. Eastin's statement into evidence when the original recording was unavailable. But any error created by admission of the transcript was deemed harmless, because the evidence was cumulative and there was sufficient evidence to support the conviction without the evidence in the transcript. *Id*.

Mr. Eastin then filed a petition for post-conviction relief with the trial court under Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Eastin*, 2010 WL 2210924 at *1. In his petition, he claimed that his trial counsel had provided ineffective assistance by failing to preserve arguments as to three issues: sufficiency of the evidence, suppression of the search evidence, and the circuit court's failure to require disclosure of the confidential informant's identity. *Id*.

In the order denying the petition, the trial court found there was sufficient evidence to support the verdict and, even if Mr. Eastin's lawyer should have made a specific motion for directed verdict, the evidence in the case was such that the court would have denied the motion. *Id*. The trial court also found that counsel had not been ineffective in failing to preserve the suppression issue. There was a factual basis, the court held, to

demonstrate the reliability of the informant, and the evidence would have been admitted, even if the issue had been properly preserved. *Id*.

Mr. Eastin appealed the trial court's denial of his Rule 37 petition to the Arkansas Supreme Court. *Id*. On appeal, Mr. Eastin claimed that, by failing to make a proper record and otherwise failing to make proper arguments at trial, his counsel was ineffective as a matter of law. *Id*. The court affirmed the trial court's denial of Mr. Eastin's petition for post-conviction relief. *Id*.

The court held that Mr. Eastin had failed to provide a basis upon which his trial counsel could have presented a meritorious motion for directed verdict for insufficiency of the evidence because he did not identify any element the state failed to prove or that his counsel could have successfully challenged. *Id*. at *2. Further, the court ruled that Mr. Eastin had failed to meet his burden for reversal because he had not shown that the outcome would have been different, even if his trial counsel had preserved his claim that the informant, whose testimony formed the basis of the search warrant, was unreliable. *Id*. at *3.

Mr. Eastin raises the following claims in this federal habeas corpus petition: (1) the Arkansas Supreme Court erred in finding that he failed to preserve his claim to suppress evidence found during the execution of a search warrant; (2) the Arkansas Supreme Court erred by finding that it was harmless error for the trial court to have allowed the introduction of a transcript of his statement when the original recording had

been destroyed; (3) his conviction and sentence violated the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution because there was "no probable cause shown to issue the search warrant;" and (4) he was denied effective assistance of counsel. (# 4 at p. 6)

IV.   **Discussion**:

    A.   Standard of Review

A federal court may grant a writ of habeas corpus to a state prisoner only if a state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d 849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief will be granted only if the state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). The Court must presume the state court's factual findings are correct, and it is Mr. Eastin's burden to rebut this presumption by clear and convincing evidence. *Id*. (citations omitted).

    B.   Motion to Suppress Evidence Obtained by Search Warrant

Mr. Eastin raises two claims in this petition related to a warrant obtained on October 5, 2004, by Officer Pete Dixon of the Group 6 Narcotics Enforcement Unit, to search a houseboat named "Not Yet" docked at Iron Mountain Marina on Lake DeGray in Arkadelphia, Arkansas. (#4 at p. 6) *Eastin v. State*, 370 Ark. 10, 11 (2007). In the

affidavit supporting the search warrant application, Officer Dixon stated he had learned from a confidential informant that Mr. Eastin lived on the houseboat with his girlfriend, Teresa Holder, and that methamphetamine was being manufactured on the boat.[1] *Eastin*, 370 Ark. at 12. The circuit court found probable cause and issued a warrant to search the houseboat. *Id*. at 13.

Mr. Eastin's counsel filed a pre-trial motion to suppress the evidence seized from the houseboat. In the motion, Mr. Eastin's lawyer argued that "[t]he reliability of the confidential informant had not been determined by the affiant and should not provide a basis for the issuance of a search and seizure warrant." *Id*. at 13. Counsel also filed a separate motion seeking the identity of the confidential informant. *Id*.

The trial court held a pretrial hearing on both motions. *Id*. The court first heard testimony and argument on Mr. Eastin's motion to reveal the identity of the confidential informant. *Id*. After hearing testimony from Officer Dixon, the court denied Mr. Eastin's motion. When the court next asked Mr. Eastin's counsel for argument on the motion to suppress, he stated that he could not proceed on his motion "because obviously without the identity of the confidential informant it would be impossible to attack his credibility." *Eastin v. State*, 97 Ark. App. 81, 90 (2006). The court denied the motion to suppress, and the evidence obtained from the search was admitted at trial. *Eastin*, 370 Ark. at 13.

---

[1] The entire text of the affidavit is part of the Arkansas Supreme Court's opinion. See *Eastin*, 370 Ark. at 12-13.

On direct appeal, Mr. Eastin argued the circuit court should have granted his motion to suppress the evidence seized during the execution of the search warrant, because the search warrant for the houseboat was improperly issued. *Id*. at 15. He asserted that the search warrant disclosed no information regarding specific items that were to be located on the property but only alluded to past drug use and past drug manufacture. *Id*. He further argued that Officer Dixon gave no information concerning the reliability or credibility of the informant in the affidavit as required by Rule 13.1 of the Arkansas Rules of Criminal Procedure. *Id*. at 15-16.

The Arkansas Supreme Court, relying on *Romes v. State*, 356 Ark. 26 (2004), rejected Mr. Eastin's claims, holding that the issues had not been preserved for appeal. *Id*. at 16. The court wrote:

> First, his arguments that the affidavit disclosed no specific items to be found on the property, contained an insufficient time frame, and alluded to nothing more than a bare assertion of past criminal conduct were never raised to the circuit court. An issue must be raised to the circuit court to be preserved for appellate review. See *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006). In addition, though Eastin's argument regarding the reliability of the confidential informant was raised in his motion to suppress, his argument was never developed before the circuit court, and he failed to obtain a specific ruling on the issue. Accordingly, it is not preserved for our review. See, *e.g.*, *George v. State*, 358 Ark. 269, 189 S.W.3d 28 (2004).

*Id*. at 17-18.

    1.    *Procedural Default*

Mr. Eastin claims the Arkansas Supreme Court erred when it found, on direct appeal of his conviction, that he had not preserved his claim to suppress evidence found during the execution of a search warrant for appeal. Mr. Hobbs responds that Mr. Eastin's claim is not cognizable in a federal habeas proceeding.

Mr. Eastin's claim is based on his view that the Arkansas Supreme Court wrongly applied a state procedural rule by dismissing his claim for failure to preserve the issue for appeal. If the last state court rendering a judgment in a case clearly and expressly states that its judgment rests on a state law procedural ground that is independent of federal law, a federal habeas court is generally precluded from reviewing the claim. *Oglesby v. Bowersox*, 592 F.3d 922, 924 (8th Cir. 2010) (citations omitted); see also *Crawford v. Minnesota*, 498 F.3d 851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546 (1991)). Federal courts do not sit to correct a state court's application of its ordinarily adequate procedural rules except in unusual circumstances. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877 (2002). To be independent and adequate, a state procedural bar must be firmly established and regularly followed by the time it is applied. *Crawford*, 498 F.3d at 854 (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).

Here, in denying Mr. Eastin's direct appeal for failing to preserve the arguments regarding the motion to suppress, the Arkansas Supreme Court applied a firmly established and regularly followed state practice of dismissing, on direct appeal,

arguments that were not developed before the trial court and on which a defendant failed to obtain a specific ruling from the trial court. See *Romes v. State*, 356 Ark. 26, 46 (2004); *George v. State*, 358 Ark. 269, 287 (2004)(citing *Vickers v. State*, 313 Ark. 64 (1993)); *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003)(appellant's burden to present a case before the trial court that fully develops all of the issues); *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702, cert. denied, 519 U.S. 898, 117 S.Ct. 246 (1996)(it is appellant's burden to obtain a clear ruling on an issue from the trial court, and the court will not reach the merits of arguments on appeal of motions to suppress that were not specifically ruled upon by the trial court).

Mr. Eastin's claims are procedurally defaulted unless he can establish cause and prejudice or demonstrate that a failure to hear his case will result in a fundamental miscarriage of justice. *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010)(citing *Coleman*, 501 U.S. at 750).

   a. Cause and Prejudice

As cause for his default, Mr. Eastin claims that his trial counsel was ineffective for failing to properly preserve the denial of his motion to suppress for appellate review. (#4 at p. 14, #15 at p. 3) Ineffective assistance of counsel on direct appeal may constitute cause and prejudice to overcome a procedural default. *Becht v. U.S.*, 403 F.3d 541, 545 (8th Cir. 2005)(citations omitted). In order to proceed on his defaulted claim, however, Mr. Eastin must first establish that his counsel failed to exercise the customary skill and

diligence that a reasonably competent attorney would use under like circumstances; and second, that the deficient performance prejudiced his defense at trial. *Id*.

Even assuming Mr. Eastin can establish that his trial counsel's assistance was ineffective, he has failed to establish prejudice. To demonstrate procedural bar prejudice, Mr. Eastin must show, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with constitutional error.[2] *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982)). The burden of proving procedural bar prejudice is higher than that required to establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984)). *Id*. (citing *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir.1995)); but see *Clemons v. Luebbers*, 381 F.3d 744, 752-53 n. 5 (8th Cir. 2004) (noting the standards for prejudice under the *Strickland* analysis may be similar to the standards for prejudice under the procedural default analysis).

---

[2] The United States Supreme Court has not addressed the appropriate level of review a district court should perform when addressing a claim of ineffective assistance of counsel to excuse a procedural default. See *Clemons v. Luebbers*, 381 F.3d 744, FN4 (2004)(citing *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003)). Is it a *de novo* review under *Strickland,* or is it deferential analysis required under 28 U.S.C. § 2254(d)? Like the court in *Clemons*, this Court suspects that the deferential standard of review under 28 U.S.C. § 2254(d) applies. *Id*. The question, however, need not be decided because Mr. Eastin has not established prejudice under either standard of review.

In his petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1, Mr. Eastin also claimed that his lawyer was ineffective for failing to preserve his suppression claims for appeal.[3] *Eastin v. State*, 2010 Ark. 275 at *2. In the order denying the petition, the trial judge found that any error caused by counsel's failure to preserve the suppression issue for appeal was harmless because there was a sufficient factual basis before the trial court to demonstrate the reliability of the informant. (#4 at p. 69)  The judge concluded that Mr. Eastin had not established prejudice, and so "preserving the error would not have changed the outcome of the case." (#4 at p. 69)

On appeal, Mr. Eastin claimed the trial court erred in denying his petition for post-conviction relief. *Eastin*, 2010 Ark. 275 at *1. He again argued that counsel was ineffective for failing to preserve his informant-reliability challenge to the search warrant.[4]  He argued that if his lawyer had properly preserved the issue for appeal, he would have been granted a new trial where the evidence seized would not have been introduced. *Id*.

---

[3] The trial court did not hold a hearing on the Rule 37 petition because the parties agreed it was not necessary since Mr. Eastin's trial attorney was deceased.

[4] The court specifically noted that it would only consider Mr. Eastin's ineffective assistance of counsel claim on the theory that the informant relied on in the search warrant application was unreliable, because he had failed to obtain a ruling from the trial court on any other theory of ineffective assistance related to the search warrant. *Id*. at *3. Consequently, the Court will limit its discussion of ineffective assistance of counsel to the informant-reliability issue. *Crawford v. Norris*, 2009 WL 1046129, *4 (E.D.Ark. 2009)(claim other than the one pressed in state court cannot amount to cause).

The Arkansas Supreme Court applied the prejudice standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), and noted that it had not considered the merits of Mr. Eastin's arguments in its opinion on direct appeal. *Id*. at *1-2. Holding that trial counsel cannot be deemed ineffective for failing to make arguments that are meritless, the court found that Mr. Eastin had failed to provide a basis upon which his trial counsel could have presented a meritorious argument that the informant was unreliable. *Id*. The court did not elaborate on the reason for its conclusion, but presumably, it found that either the affidavit attached to the search warrant application was sufficient to establish the reliability of the confidential informant or that the good faith exception to the exclusionary rule applied.

The court also found that Mr. Eastin had not adequately developed his argument to establish how he was prejudiced by his counsel's failure to preserve the informant-reliability argument for appeal. *Id*. The court upheld the trial court's conclusion that his counsel was not ineffective under *Strickland*. *Id*.

In this petition, Mr. Eastin again claims any procedural default was caused by his trial counsel's failure to properly preserve the informant-reliability issue for appellate review. (#4 at p. 14) Mr. Eastin contends that if the issue had been properly preserved, the "decision of the Court of Appeals would have stood and the convictions and sentences vacated" and "prejudice was apparent." (#4 at pp. 17-18)

What Mr. Eastin fails to understand is that to establish prejudice, he cannot rely on the overruled decision of the Arkansas Court of Appeals. See *Hamm v. State*, 365 Ark. 647, 650, 232 S.W.3d 463, 467 (2006)(when the Arkansas Supreme Court grants a petition for review, it treats the appeal as if it were originally filed in its court and reviews the trial court's judgment, not the court of appeals' decision); see also *Williams v. State*, 351 Ark. 215, 229 (2002)(opinions of the Arkansas Court of Appeals, even if published, have no binding effect on the Arkansas Supreme Court)(citations omitted).  Instead, Mr. Eastin must affirmatively establish that there was not just a possibility of prejudice, but that the errors made by his lawyer actually worked to his substantial disadvantage, infecting his entire trial with constitutional error.  *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010).  Or under the less rigorous *Strickland* prejudice standard, he must establish a reasonable probability that the fact finder's decision would have been different if his trial counsel had preserved the informant-reliability argument and, as a result, there would have been a change in the outcome of the trial.  Here, Mr. Eastin has not established prejudice under either standard.

The Fourth Amendment favors searches conducted pursuant to a warrant, and law–enforcement officers are more likely to use the warrant process if the scrutiny applied to a magistrate's probable cause determination is less than that required for a warrantless search.  *Ornelas v. U.S.*, 527 U.S. 690, 699, 116 S.Ct. 1657 (1996)(citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331 (1983)).

In this case, officers executing the search warrant relied, in good faith, on the circuit court's decision to issue the warrant based on the supporting affidavit. Mr. Eastin has not asserted that Officer Dixon misled or deceived the court with his affidavit, or that he knew the search was illegal in spite of the court's authorization. Nor has Mr. Eastin alleged foul play on the part of the circuit court judge who issued the warrant. Consequently, there is no evidence from which a reasonable fact finder could conclude that the "good faith" exception to the exclusionary rule, articulated in *United States v. Leon*, 468 U.S. 897, 913 (1984), should not apply. See *Yancy v. State*, 345 Ark. 103, 118-120 (2001)(applying the good faith exception to the exclusionary rule to a search warrant that violated Arkansas Rule of Criminal Procedure 13.1).

Even if Mr. Eastin's lawyer had pursued the motion to suppress, Mr. Eastin has not demonstrated a reasonable probability that the evidence would have been suppressed or that the outcome of the trial would have been different. This showing is necessary to sustain a claim of ineffective assistance of counsel to excuse his procedural default.

      b.      Miscarriage of Justice

Mr. Eastin does not claim he is innocent or invoke the miscarriage-of-justice exception to his procedural default. In order to establish actual innocence, Mr. Eastin would have to come forward with new, reliable evidence that was not presented at trial–evidence so strong that the court cannot have confidence in the outcome of the trial. See *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851; see also *Wilson v. Norris*, 2008

WL 4492984, *3 (E.D. Ark. 2008). Mr. Eastin does not present any new evidence of actual innocence in his petition, and his defaulted claim cannot be considered by the Court.

    2.    *Cause to Issue the Search Warrant*

For his third claim in this petition, Mr. Eastin charges that his fourth amendment rights were violated because there was no probable cause shown to issue the warrant to search his houseboat.[5] The Court cannot grant Mr. Eastin relief on this claim. *Stone v. Powell*, 428 U.S. 465, 482 (1976).

In *Stone*, the Court held that, where a state prisoner has been afforded an opportunity to fully and fairly litigate a fourth amendment claim, he will not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Stone*, 428 U.S. at 494. A state court fourth amendment claim is fully and fairly litigated only if: (1) the state provided no procedure by which the petitioner could raise his or her fourth amendment claim, or (2) the petitioner was foreclosed from using that procedure because of an unconscionable

---

[5] Mr. Eastin characterizes his claim as a violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution. However, the substance of his claim is that his fourth amendment rights were violated by an unconstitutional search. In the last paragraph of this section of his brief he adds that his fourteenth amendment right to due process was violated by the introduction of the illegally obtained evidence and that his sixth amendment right to a fair trial was violated when the evidence was used to obtain a conviction, but he does not provide any support for these claims. (#4 at p. 14) Mr. Eastin's conclusory statements are not sufficient to warrant further discussion.

breakdown in the system. See *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (citing *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994)). *Id*.

In this case, Arkansas courts provided Mr. Eastin with a procedure for raising his fourth amendment claim. Mr. Eastin had the opportunity to file a motion to suppress under Arkansas Rule of Criminal Procedure 16.2 and to appeal his convictions to the Arkansas Supreme Court. Mr. Eastin contends the Arkansas Supreme Court wrongly concluded that he had failed to preserve his fourth amendment challenge to the search warrant. Disagreement with the outcome of the state court's ruling is not, however, the equivalent of an unconscionable breakdown in the process. *Id*. (citing *Capellan v. Riley*, 975 F.2d 67, 71 (2nd Cir. 1992))

    C.    Admission of the Transcript of Mr. Eastin's Statement

For his second claim, Mr. Eastin argues the Arkansas Supreme Court violated his sixth amendment right to a fair trial and fourteenth amendment right to due process by finding that any error of the trial court in allowing the introduction of the transcript of his statement to investigators was harmless.[6]

During Officer Dixon's testimony at trial, the State moved to introduce a transcript of a recorded statement given by Mr. Eastin to Officer Dixon the day after the houseboat

---

[6] Mr. Hobbs points out that while Mr. Eastin argued to the state courts that the transcript of his statement should not have been admitted, he did so on the basis of state law and did not specifically raise constitutional claim. (#9 at pp. 6-7) The Court agrees, but under 28 U.S.C. § 2254(b)(2), it may deny the petition on the merits notwithstanding his failure to raise these precise claims before the state courts.

was searched. *Eastin*, 370 Ark. at 13. Mr. Eastin's counsel objected to admission of the statement into evidence on the grounds that the tape recording itself was the best evidence under Arkansas Rule of Evidence 1002. *Id*. The State explained that the tape had been destroyed in a fire in the prosecutor's office, and the trial court admitted the transcript over counsel's objection.

The admissibility of evidence in a state trial is a matter of state law, and habeas relief can only be granted if the state court's evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process. *Palmer v. Clarke*, 408 F.3d 423, 436 (8th Cir. 2005) (citations omitted). A state court's evidentiary ruling can form the basis of habeas relief under the due process clause only when it was so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process. See *Osborne v. Purkett*, 411 F.3d 911 (8th Cir. 2005)(quoting *Parker v. Bowersox*, 94 F.3d 458, 460 (8th Cir. 1996), cert. denied, 520 U.S. 1171, 117 S.Ct. 1439 (1997)).

Mr. Eastin has not established a constitutional violation as a result of the admission of the transcript of his statement. The Arkansas Supreme Court found that any error from admitting the transcript did not prejudice Mr. Eastin because the information contained in the transcript was cumulative of other evidence presented at trial. *Eastin*, 370 Ark. at 22. Further, the court found that the other evidence presented at trial was sufficient to uphold Mr. Eastin's convictions. *Id*.

Arkansas courts, when determining whether an error is harmless, look to whether there is overwhelming evidence of guilt and whether the defendant was prejudiced by erroneously admitted evidence. *Barrett v. State*, 354 Ark. 187 (2003). Similarly, in a federal habeas corpus action, relief is proper only if the error had a substantial and injurious effect or influence on the jury's verdict. See *Toua Hong Chang v. Minnesota*, 521 F.3d 828, 832 (8th Cir. 2008)(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722 (1993)).

In this case, the Arkansas Supreme Court found there was sufficient evidence from the testimony of Officer Dixon and two other witnesses to uphold Mr. Eastin's conviction, without the transcribed statement. *Eastin*, 370 Ark. at 22. The court's decision did not involve an unreasonable application of clearly established Federal law or an unreasonable determination of the facts in light of the evidence presented at trial.

    D.    Ineffective Assistance of Counsel

Finally, Mr. Eastin argues the Arkansas Supreme Court's decision affirming the trial court's denial of his ineffective assistance of counsel claim for failing to preserve the suppression issue for appeal, was an unreasonable application of the law and an unreasonable determination of the facts. This argument is not persuasive.

Both the trial court and Arkansas Supreme Court addressed Mr. Eastin's claim that his lawyer was ineffective for failing to preserve the denial of the motion to suppress for appellate review by applying the two-part test set forth in *Strickland*. *Eastin*, 2010 Ark.

275 at *2-3. The Arkansas Supreme Court concluded that even if Mr. Eastin could establish the first part of the *Strickland* test–that his lawyer's performance was deficient–he could not show prejudice. *Id*. at *3.

Specifically, the Arkansas Supreme Court held that Mr. Eastin had not explained a basis for his lawyer to have presented a meritorious argument that the informant was unreliable. *Id*. Further, the court found that Mr. Eastin had not sufficiently developed his argument that he was prejudiced by his lawyer's failure to preserve the challenge to the informant's reliability. *Id*.

As discussed above, the court did not unreasonably apply clearly established federal law or base its decision denying Mr. Eastin's ineffective assistance of counsel claim on an unreasonable determination of the facts. Mr. Eastin's ineffective assistance of counsel claim should be denied.

V.   **Conclusion:**

This Court recommends that the District Judge DISMISS Max C. Eastin's Amended Petition for Writ of Habeas Corpus (#4), with prejudice.

DATED this 9th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE